UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LaSonja Davis, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-13-3126 |
| | § | |
| A.S.U.I. Healthcare & Development Center and Diann Simien, | § | |
| | § | |
| *Defendants*. | § | |

**Order Denying Motion for Reconsideration**

Pending before the court is defendants' motion for reconsideration (Dkt. 8) of the court's order for defendants to retain new counsel admitted to practice in the Southern District of Texas. Dkt. 7.  For the following reasons, after considering defendants' motion and the applicable law, the motion (Dkt. 8) is **DENIED**.

On March 1, 2010, the Supreme Court of Texas appointed the Honorable Janna K. Whatley to preside over a disciplinary action brought by the Commission for Lawyer Discipline (the "Commission") against defendants' counsel Joseph R. Willie, II ("Willie") in the 165th Judicial District Court of Harris County, Texas.  Dkt. 8, Ex. A (suspension judgment) at 1.  In May 2013, the action went to trial before a duly impaneled jury.  *Id.*  After the jury returned its findings, the court entered judgment for the Commission on July 29, 2013.  *Id.* at 1, 5.  The court specifically found that Willie committed professional misconduct through a violation of three Texas Disciplinary Rules. The court further determined that the appropriate sanction was a fully probated suspension, for a period of twelve (12) months beginning on August 1, 2013.  *Id.* at 2–3.  On September 28, 2013, Willie filed a notice of appeal of the state district court's July 29, 2013 suspension.  Dkt. 6, Ex. A

(notice of appeal). Significantly, though, there is no evidence of record in the instant case before this court that, after the court's judgment, Willie filed a motion or requested that his suspension be stayed pending appeal.

Meanwhile, on September 23, 2013, the Clerk's Office suspended Willie's admission to practice in accordance with the Local Rules of the Southern District. *See* S.D. TEX. L.R., App. A (Local Disciplinary Rules) Rule 3(A) ("A lawyer suspended or disbarred by another court in the United States shall immediately cease to practice before this court."); *In re Attorney Admissions*, No. 4:00-mc-47716, ECF No. 7 (Sept. 23, 2013) (suspension notice). After learning of the suspension, this court inquired into Willie's status, and Willie filed a response stating his suspension had been stayed as a result of his filing a notice of appeal. Dkt. 6 at 1–2. The court disagreed and found that Willie had not produced an order from the state court finding that Willie met his burden of staying his suspension by establishing, with competent evidence, that his "continued practice of law does not pose a continuing threat to the welfare of [his] clients or to the public." TEX. R. DISC. P. 3.14; Dkt. 7 at 2; *see also Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 840 (Tex. App.—Dallas 2000, no pet.) (holding that because petitioner had not demonstrated that he requested post-judgment findings from the trial court for a suspension stay, he failed to meet his burden to prove that his continued practice of law did not pose a continuing threat). The court therefore ordered the defendant to retain new counsel or otherwise appear on its own behalf within twenty days of the date of the order. Dkt. 7 at 2.

On December 24, 2013, defendants moved for reconsideration. Dkt. 8. The defendants raise two grounds for reconsideration: (1) the same automatic stay arguments that were previously

rejected; and (2) ordering Willie's withdrawal would violate his Fifth Amendment rights of equal protection and due process of law.  Dkt. 8 at 1–2.

First, the court reiterates its previous holding that Willie has not produced any evidence of a disciplinary stay to reverse his suspension of practice in this tribunal.  The language regarding a potential stay that Willie cites in Rule 3.14 is conditional, and requires the petitioner to obtain post-judgment findings that his "continued practice of law does not pose a continuing threat to the welfare of [his] clients or to the public."  TEX. R. DISC. P. 3.14.  There is no evidence of record that Willie met this burden, and therefore no evidence has been adduced that a stay was obtained.

Second, regarding Willie's contentions of a constitutional deprivation, he has simply asserted a conclusion without any actual argument.  This ground for reconsideration is therefore waived. *Matter of Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993) (explaining that to avoid waiver, "the argument must be raised to such a degree that the trial court may rule on it").

The defendants' motion for reconsideration (Dkt. 8) is **DENIED**.  Willie is **STRICKEN** as defendants' counsel of record.  It is further **ORDERED** that within 21 days of the date of this order, Defendant Diann Simien shall either file notice of an intention to proceed *pro se* or retain new counsel admitted to practice within the Southern District of Texas, who shall then file a notice of appearance in this case within the same period.  It is further **ORDERED** that  within 21 days of the date of this order, defendant A.S.U.I. Healthcare and Development Center, a non-profit corporation, must retain new counsel admitted to practice within this district and file a notice of appearance to proceed.  *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004); 28 U.S.C. § 1654.

It is further ORDERED that a status conference will be held in this matter on April 15, 2014 at 10:00 a.m. in Courtroom 9-D, 515 Rusk, Houston, Texas.

Signed at Houston, Texas on March 11, 2014.

_____
Gray H. Miller
United States District Judge